**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-101-TLS-APR |
| TERRY WESLEY | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Terry Wesley's Motion for Compassionate Release due to COVID-19 [ECF No. 38]. For the reasons set forth below, the Defendant's request is DENIED.

**BACKGROUND**

On January 27, 2020, the Defendant pleaded guilty to Count 1 of the Indictment [ECF No. 1], charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 17. On February 19, 2020, the Court adjudged the Defendant guilty. *See* ECF No. 19. Prior to sentencing, the Defendant filed a Sentencing Memorandum [ECF No. 23], in which he argued that he should be sentenced to a term of time served due to the COIVD-19 pandemic. The Court, having considered the Defendant's request for a sentence of time served, sentenced the Defendant to a term of 24 months imprisonment, to be followed by 2 years of supervised release. *See* ECF No. 36. The Defendant has been in custody since his arrest on November 25, 2019, and his release date is set for August 8, 2021. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Dec. 2, 2020).

After being sentenced, the Defendant filed his Motion for Compassionate Release due to COVID-19 [ECF No. 38], in which he, again, requests the Court to order his term of imprisonment to be set to time served. At the time he filed his Motion, the Defendant was housed at Lake County Jail; however, it appears he has since been moved to USP Hazelton. *Id.*

The Court referred the Defendant's Motion to the Federal Community Defender's Office, *see* ECF No. 39, and the Office filed a Notice of Non-Representation [ECF No. 40]. The Government then filed its Response [ECF No. 42] and a Supplement [ECF No. 43].

## ANALYSIS

The Defendant asks the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) based on the threats posed by the COVID-19 pandemic. The Court construes the Defendant's Motion to request that his sentence be reduced to time served. For the reasons set forth below, the Defendant's Motion is denied.

### A. The Defendant's Sentence Should Not Be Reduced Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Following the imposition of a sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). One such circumstance allows a court to grant a defendant compassionate release if certain requirements are met. 18 U.S.C. § 3582(c)(1)(A). The statute provides that

> the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . . .

*Id.* (emphasis added). Thus, the statute sets out four requirements: exhaustion of administrative remedies, consideration of whether "extraordinary and compelling reasons" warrant a reduction

in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements.

While the statute does not define "extraordinary and compelling reasons," Congress provided:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Pursuant to that authority, the Sentencing Commission Policy Statement on § 3582(c)(1)(A) provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13. The commentary to the Policy Statement then provides that extraordinary and compelling reasons exist under any of these circumstances:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

Policy Statement § 1B1.13 was effective November 1, 2018, but has not been updated to reflect that the First Step Act amended § 3582(c)(1)(A) in December 2018 to allow a motion to be brought by a defendant and not only by the Bureau of Prisons. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."). The Seventh Circuit has recently explained that the Sentencing Commission

has been unable to update this policy statement to reflect the implementation of the First Step Act because the Commission lacks a quorum. *See United States v. Gunn*, --- F.3d ----, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). Nevertheless, the Seventh Circuit held that district courts are authorized to determine what constitutes an "extraordinary and compelling" reason warranting a reduction to the defendant's sentence even when the defendant and not the BOP moves for compassionate release. *Id.* The Seventh Circuit has also indicated that district courts should rely on § 1B1.13 for guidance when determining whether such an "extraordinary and compelling reason" exists. *See id.* ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive.").

***1. Extraordinary and Compelling Reasons***

The issue of exhaustion of administrative remedies is not jurisdictional, and there are other grounds upon which the Defendant's Motion may be denied. *Id.* at *1. Accordingly, the Court focuses its analysis on whether the Defendant has established the existence of an extraordinary and compelling reason warranting his release.

The Defendant argues that the COVID-19 pandemic is a global health emergency that presents a serious and grave risk to vulnerable inmates such as himself, reasoning that conditions of imprisonment create the ideal environment for the transmission of a contagious disease. Although the Defendant has been moved to a BOP facility since he filed his Motion, his argument remains valid. The Court recognizes that COVID-19 poses a general threat to every non-immune person in the country; however, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify

compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 2, 2020). Rather, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions. *See United States v. Downing*, No. 18-cr-40037, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))).

USP Hazelton, like all BOP facilities, has strict precautions in place including screening and quarantining all newly arriving detainees, isolating all symptomatic detainees until medically cleared, and issuing and encouraging the use of face masks. *See* BOP Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Dec. 2, 2020). Throughout the duration of the pandemic, USP Hazelton has had only 51 reported cases of COVID-19 (17 inmates and 34 staff member) and there have been no casualties. *See* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Dec. 2, 2020). The Bureau of Prisons reports that there are currently no inmates and nine staff members who have tested positive for COVID-19 and have not yet recovered. *Id.* As such, it appears that the conditions at USP Hazelton are, at least for the time being, well managed. *See id.* Based on the BOP's reports, it is not clear that the Defendant would be safer from contracting COVID-19 if he were to be released, as the pandemic has grown worse nationwide since he filed his Motion. The Defendant's particular institution is

not currently facing a serious outbreak of COVID-19 infections; therefore, conditions at his facility do not favor his release.

The Defendant also argues that he faces particularized risks created by the COVID-19 pandemic because he has high blood pressure for which he takes medication. Def.'s Mot. 2. It is generally accepted that certain individuals are at a higher risk of experiencing significant complications if they contract COVID-19. *See* People at Increased Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Dec. 2, 2020). The Centers for Disease Control and Prevention have indicated that individuals with hypertension "**might be at an increased risk** for severe illness from the virus that causes COVID-19." People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 2, 2020). The Court takes seriously the risks associated with contracting COVID-19 and recognizes that certain individuals are at a higher risk of "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death" if they were to contract the virus. *Id.*

Notwithstanding the potential risks identified by the Centers for Disease Control and Prevention, the Defendant has not established the existence of an extraordinary and compelling reason warranting his release. Indeed, courts have generally denied requests for compassionate release from defendants with conditions similar to the Defendant. *See, e.g., Downing*, 2020 WL 2789790, at *1–2 (denying motion for compassionate release, even though the defendant had health issues of diabetes, COPD, anemia, asthma, and high blood pressure, where the defendant was 43 years old, the defendant was housed in a facility with very few COIVD-19 cases, and early release would not be consistent with the § 3553(a) factors); *United States v. Shah*, 16-20457, 2020 WL 1934930, at *1–2 (E.D. Mich. Apr. 22, 2020) (denying motion for

compassionate release on the basis that, although the defendant suffers from diabetes and hypertension, there were no cases of COVID-19 in his facility and the Bureau of Prisons is making strict efforts to protect inmates). The Defendant is young and is generally in good health. His only reported adverse medical condition—high blood pressure—is managed by medication. Def.'s Mot. 2. The Defendant's medical conditions, considered in tandem with the conditions at USP Hazelton, do not establish an extraordinary and compelling reason warranting his release; therefore, he is ineligible for a reduction in his term of imprisonment and his Motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in the Defendant's Motion for Compassionate Release due to COVID-19 [ECF No. 38]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

SO ORDERED on December 2, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT